UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE R. MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY CARLSEN, LAWRENCE PORTER, KARLA M. POWELL, CHRIS RUNDLETT, JEFF WARD, and BRENDA DESHAZER,<br><br>    Defendants. | No. CV-03-492-CI<br><br>ORDER RESERVING RULING ON MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT are Plaintiff's Motions for temporary restraining order and appointment of counsel, noted for hearing without oral argument on November 18, 2005. (Ct. Rec. 59, 73.) Plaintiff is appearing pro se; Assistant Attorneys General Mary McLaughlan and Dan Judge represent Defendants. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 51.)

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks relief under 42 U.S.C. § 1983 from Defendants, alleging they retaliated against him, confiscated and destroyed religious and legal materials, and subjected him to disciplinary actions after he filed a state tort claim against prison officials. Plaintiff seeks appointment of counsel, contending he has inadequate and obstructed access to legal materials. Plaintiff contends he is without resources to formulate necessary jury instructions needed

ORDER RESERVING RULING ON MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

for trial, he is without funds to retain counsel, the claims are complex and include credibility issues, he does not have an ability to present the case pro se, and the merits of the case warrant appointment of counsel.

Appointment of counsel is authorized pursuant to 28 U.S.C. § 1915(d). However, under that statute, the court has jurisdiction to designate counsel only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). Whether exceptional circumstances exist requires this court to evaluate the success of the complaint on the merits and the ability of the claimant to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request for counsel under section 1915 (d)." *Id*. at 133.

In light of Plaintiff's successful articulation of his claims to the present date and his assertion he requires the assistance of counsel to prepare jury instructions, a ruling on Plaintiff's Motion is **RESERVED** pending this court's disposition of the cross-Motions for Summary Judgment, noted for hearing without oral argument on December 16, 2005.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff moves for preliminary injunctive relief contending Defendants are depriving him of his right to the free exercise of religion. Plaintiff asserts on February 20, 2003, and December 15, 2003, prison staff executed a search of Plaintiff's cell and on each occasion confiscated and destroyed sacred religious texts. Plaintiff claims prison staff are alleging the texts had been

ORDER RESERVING RULING ON MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

altered and thus posed a threat to prison security. He seeks an order from this court directing Defendants to replace or restore religious scriptures confiscated and destroyed. Additionally, he seeks an order directing Defendants to produce evidence that his religious property was in fact altered or owned by another prisoner.

During the search in February, Plaintiff asserts he was engaged in a lawsuit against Defendants alleging a violation of his religious rights; in retaliation, prison officials confiscated and destroyed Plaintiff's Holy Qu'rans, a religious study guide by Elijah and two prayer beads. Plaintiff alleges Defendants advised him the Holy Qu'ran was altered because it had a ripped, torn or missing cover and the study guide was altered because it had a blacked-out spot inside. Plaintiff further alleges these materials were necessary for him to fully participate in the Islamic month of Ramadon.

In December, Plaintiff alleges, Defendants confiscated and destroyed his Holy Bible, King James Version because it had a blacked-out spot inside.

"To obtain a preliminary injunction, [Plaintiff] must show either (1) 'a likelihood of success on the merits and the possibility of irreparable injury' or (2) 'the existence of serious questions going to the merits and the balance of hardships tipping in [Plaintiff's] favor.'" *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004) (*quoting Gilder v. PGA Tour, Inc*., 936 F.2d 417, 422 (9th Cir. 1991)). "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to [Warsoldier], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc*., 198

ORDER RESERVING RULING ON MOTION FOR APPOINTMENT OF COUNSEL AND
DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

F.3d 725, 731 (9th Cir. 1999) (citation omitted).  When a plaintiff seeks to enjoin the activity of a government agency, his case must contend with "the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs,' *Cafeteria and Restaurant Workers Union Local 473 A.F.L.- C.I.O. v. McElroy*, 367 U.S. 886, 896 (1961)," quoted in *Sampson v. Murray*, 415 U.S. 61, 83 (1974).  "When a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987).  Finally, under 18 U.S.C. § 3626(a)(1)(A):

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Prison inmates "retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348(1987) (citation omitted).  Here, Plaintiff does not allege a prison regulation is unconstitutional on its face, but rather specific acts described as retaliatory, including cell searches and confiscation and destruction of his religious property.

Defendants do not dispute Plaintiff is permitted to have a privately purchased or donated copy of the Qu'ran in his possession. Additionally, copies of the Qu'ran are available on loan from the

Airway Heights Correctional Center (AHCC) library for up to one month at the time or from a library for members of the Muslim faith. (Ct. Rec. 72, Ex. 1, Lajueness Decl. at 1, 2.)  Defendants assert two copies of the Qu'ran were seized from Plaintiff's cell in February 2003, one of them because it had a self-made cover. Plaintiff admitted during deposition testimony that this copy was returned to him when he removed the cover. (Ct. Rec. 69, ¶ 33, Ex. A, Mitchell Dep. at 135:21-25.)  Thus, the fact a second copy was confiscated and not returned has not caused Plaintiff irreparable injury within the meaning of the case law.  Additionally, copies were available through other sources, including the Muslim library, the state library, or through a donation program.  (Ct. Rec. 72, Ex. 1, Lajueness Decl. at 2.)

Plaintiff next contends he will prevail on the merits, noting the destruction of his property was accomplished in violation of prison regulations, which provide that an inmate will be given a receipt for confiscated property and the disposition of the property will be made after consultation with the Chaplain, citing Airway Heights Corrections Center (AHCC) Field Instruction 560.200(VI)(D). However, for the limited purposes of addressing Plaintiff's Motion for immediate injunctive relief, a violation of a prison regulation as described is not sufficient to establish Plaintiff will likely succeed on the merits of his First Amendment free exercise clause. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Appointment of Counsel **(Ct. Rec. 73)** is **RESERVED** pending disposition of the cross-Motions for summary judgment.

ORDER RESERVING RULING ON MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 5

2. Plaintiff's Motion for temporary injunctive relief **(Ct. Rec. 59)** is **DENIED**.

3. The District Court Executive is directed to enter this Order and furnish copies to Plaintiff and counsel for Defendants.

DATED November 29, 2005.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE